HILL & MORRIS, Attorneys at Law
CINDY LEE HILL, Esq.
(State Bar No. 119213)
5150 Sunrise Blvd F-5
Fair Oaks CA 95628
Telephone: (916) 671-1144
Attorneys for Defendant

**FILED**
DEC 16 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:  Zetta Jet USA, Inc., A
California Corporation

Debtor.           /
Zetta Jet PTE, LTD., a
Singaporean corporation,

Debtor.           /
Jonathan D. King, solely in his capacity
as Chapter 7 Trustee of Zetta Jet USA, Inc.,
and Zetta Jet, PTE, Ltd.

Plaintiff
vs.

Mather Aviation

Defendant.           /

Case No. 2:17-bk-21386 SK

Adversary No. 07-2235-B

### ANSWER TO COMPLAINT

Mather Aviation, defendant herein, hereby responds and answers the complaint of Jonathan D King, Trustee as follows

1. As to paragraph 1 of the complaint, Defendant asserts the paragraph speaks for itself. To the extent there are allegations of fact that can be implied therein, Defendant denies them.

2. As to paragraph 2 of the complaint, Defendant asserts the paragraph speaks for itself. To the extent there are allegations of fact that can be implied therein, Defendant denies them.

1

3. As to paragraph 3 of the complaint, Defendant asserts the paragraph speaks for itself. To the extent there are allegations of fact that can be implied therein, Defendant denies them. To the extent Plaintiff seeks to extend the time he has to file avoidance actions, Defendant objects to such extension.

4. With regard to paragraph 4-6 of the complaint, Defendant admits them.

5. As to paragraph 7 of the complaint, Defendant admits the matter is a core proceeding under 28 U.S.C. §157(b)(2)(F.) As to the remainder of the paragraph, and to the extent there are allegations of fact that can be implied therein, Defendant denies them.

6. As to paragraph 8 of the complaint, Defendant admits the matter is a proceeding under 11 U.S.C. §547. As to the remainder of the paragraph, and to the extent there are allegations of fact that can be implied therein, Defendant denies them.

7. As to paragraph 9 of the complaint, Plaintiff asserts the paragraph speaks for itself. To the extent there are allegations of fact that can be implied therein, Defendant denies them.

8. As to paragraph 10 of the complaint, Defendant believes the Plaintiff is the appointed Trustee of above captioned bankruptcy matters, and so admits the allegation.

9. As to paragraph 11 of the complaint, Defendant admits that they serviced Debtor's aircraft by providing inspections, repairs, and maintenance and were paid for that service. As to the remainder of the paragraph, Defendant denies any fact alleged therein.

10. As to paragraph 12 of the complaint, Defendant admits they serviced aircraft for the Debtor, and were paid for that service. As to the remainder of the paragraph, Defendant has no facts to admit or deny the allegations, and therefore denies them.

11. As to paragraph 13 of the complaint, Defendant admits they serviced aircraft for the Debtors, in northern and southern California and were paid for that service. As to

the remainder of the paragraph, Defendant has no facts to admit or deny the allegations, and therefore denies them.

12. As to paragraph 14, 15 and 16 of the complaint, Defendant asserts the allegations speak for themselves, but to the extent there are allegations of fact that can be implied therein, Defendant denies them.

13. As to paragraph 17 and 18 of the complaint, Defendant admits they recieved Debtor's plane N60BY on or around August 11, 2017 to perform various inspections, repairs, and maintenance and issuing required inspection certificates for the logbook of said vehicle, which were completed in early September, and invoiced to Debtor on September 8, 2017, for which payment was received on September 15, 2017, and the plane made accessable to Debtor, per Debtor's instructions, on September 17, 2017. To the extent the paragraph can be construed to contain any other allegation, Defendant denies said allegations.

14. Paragraph 19 -20, speaks for itself, but to the extent there are deemed to be allegations contained in the paragraph, Defendant has no information on which to admit or deny said allegations and therefore denies them.

15. Regarding the allegations contained in paragraph 21, Defendant admits Defendant provided aircraft maintenance, inspection and repair services for the Debtor. To the extent of any other allegations that may be inferred from that paragraph, Defendant denies them.

16. Regarding the allegations contained in paragraph 22, incorporating exhibit A in reference to a transfer in the preference period, Defendant admits it received payment of the amount of reflected in exhibit A in payment of an invoice prepared and delivered to Debtor approximately a week prior to the payment.   To the extent of any other allegations that may be inferred from that paragraph, Defendant denies them.

17. Regarding the allegations contained and incorporated in paragraph 23, Defendant incorporates its responses to paragraphs 1 through 22 above.

18. Regarding the allegations contained in paragraph 24-25, Defendant admits Defendant provided aircraft maintenance, inspection and repair services for the Debtor, and that such services were paid for during the 90 days prior to Debtors' filing their petition for relief. To the extent of any other allegations that may be inferred from that paragraph, Defendant denies them.

19. Regarding the allegations contained in paragraph 26, Defendant asserts the payment made was made in the ordinary course of business, and was a contemporaneous exchange. Debtor was paid and made the property available to the Debtor. Thus releasing any possessory mechanic's lien to which Defendant was entitled.

20. Regarding the allegations contained in paragraph 27, Defendant has no information on which to admit or deny said allegations and therefore denies them.

21. Regarding the allegations contained in paragraph 28, Defendant asserts the payment made was made in the ordinary course of business, and was a contemporaneous exchange to release property – the aircraft which had been serviced-- from the mechanics' possession, and thus releasing any possessory lien to which Defendant was entitled. Therefore, Defendant denies to allegation.

22. Regarding the allegations of paragraph 29 and 30, Defendant denies the allegation.

23. Regarding the allegations contained and incorporated in paragraph 31, Defendant incorporates its responses to paragraphs 1 through 30 above.

24. Regarding paragraphs 32-38, Defendant denies the allegations, as the payment received was received for services rendered.

25. Regarding the allegations contained and incorporated in paragraph 39, Defendant incorporates its responses to paragraphs 1 through 38 above.

26. Regarding paragraphs 40-43, Defendant denies the allegations, as the payment received was received for services rendered, and Defendant has not filed a claim in the estate.

HILL & MORRIS
Attorneys at Law
5150 Sunrise Blvd F-5
Fair Oaks CA 95628
(916) 671-1144

27. As to paragraph 40 of the complaint, Defendant asserts the paragraph speaks for itself. To the extent there are allegations of fact therein, Defendant denies them and denies that the High Court of the Republic of Singapore has any jurisdiction of Defendant.

## SPECIAL DEFENSES

28. Plaintiff has failed to state a cause of action upon which relief can be granted.

29. The payment referred to by Plaintiff was made in the ordinary course of business, having been paid less than 10 days after delivery of the invoice.

30  The payment referred to by Plaintiff was a contemporaneous exchange to release property – the aircraft which had been serviced-- from any possessory mechanics' possession, and thus releasing any possessory lien to which Defendant was entitled. In the event the court chooses to find the payment preferential, Defendant is entitled to a mechanic's lien on the Aircraft number N60BY and interest on said mechanic's lien.

## PRAYER FOR RELIEF

Wherefore, Defendant prays as follows:

1. For judgment in favor of the Defendant,

2. For a determination that the payment referred to by Plaintiff was not preferential.

3. For a determination that the payment referred to by Plaintiff was not a fraudulent conveyance.

3. To the extent the court deems the payment preferential, for a secured claim against the aircraft on which the service was provided

3. For attorneys fees and costs,

4. For such other and further relief as the court deems just and equitable.

Dated: 12/10/19

Respectfully submitted,

HILL & MORRIS
Attorneys at Law

By: _____
Cindy Lee Hill

HILL & MORRIS
Attorneys at Law
5150 Sunrise Blvd F-5
Fair Oaks CA 95628
(916) 671-1144

1 **HILL & MORRIS**, Attorneys at Law
CINDY LEE HILL, Esq.
2 (State Bar No. 119213)
5150 Sunrise Blvd F-5
3 Fair Oaks CA 95628
Telephone: (916) 671-1144
4 Attorneys for Debtor

5

6                   **UNITED STATES BANKRUPTCY COURT**

7                   **EASTERN DISTRICT OF CALIFORNIA**

8 In re: Zetta Jet USA, Inc., A         Case No. 2:17-bk-21386 SK
      California Corporation
9

    Debtor.            /
10 Zetta Jet PTE, LTD., a
      Singaporean corporation,
11

    Debtor.            /
12 Jonathan D. King, solely in his capacity   Adversary No. 07-2235-B
    as Chapter 7 Trustee of Zetta Jet USA, Inc.,
13 and Zetta Jet, PTE, Ltd.

14     Plaintiff
vs.
15

Mather Aviation
16
    Defendant.       /
17

18                   **PROOF OF SERVICE**

19     I am a citizen of the United States and a resident of the County aforesaid; I am

20 over the age of eighteen years and not a party to the within action; my business address

21 is 5150 Sunrise Boulevard, Suite F-5, Fair Oaks, CA 95628.

22     On December 11, 2019 I served the within copies of

23                   **ANSWER TO COMPLAINT**

24     by mail on the Plaintiff's Attorney at:

25 Robyn B. Sokol
Brutzkus Gubner
26 21560 Oxnard St. Ste 500
Woodland Hills, CA 91367
27

1

1  The documents described above were sent by first class mail to the address listed above
2  on the date stated above in Fair Oaks, California.
3
4
5       I declare under penalty of perjury of the laws of the State of California that the
6  foregoing is true and correct.
7  Date: 12/11/19                                    Hill & Morris, Attorneys at Law
8
9
10                                                    _____
                                                      Cindy Lee Hill
11

**HILL & Morris**
Attorneys at Law
5150 Sunrise Blvd F-5
Fair Oaks CA 95628
(916) 671-1144

2